IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MAHENDRA KUMAR TRIVEDI, et al.,** : | |
| Plaintiffs : | |
| : | Civil Action No. 4:11-cv-02390 |
| v. : | |
| : | (Chief Judge Kane) |
| **TANIA M. SLAWECKI,** : | |
| Defendant : | |

### MEMORANDUM

Presently pending before the Court is Defendant's motion to dismiss. (Doc. No. 6.) The motion has been fully briefed and is ripe for disposition. For the reasons that follow, the Court will grant the motion in part and deny the motion in part.

**I. BACKGROUND**[1]

Plaintiff Mahendra Kumar Trivedi is the founder of Trivedi Master Wellness and the Trivedi Foundation, a non-profit organization that "works with the scientific community at major universities and research centers to document the transformational properties of Trivedi's Energy Transmissions, which impact living organisms and inanimate objects for better performance." (Doc. No. 1 ¶¶ 8-9.) Defendant Tania M. Slawecki is a research associate at the Materials Research Institute and a former assistant professor in the science, technology, and society program at the Pennsylvania State University. (Id. ¶ 11.)

From approximately June 2009 through September 2009, Dr. Rostrum Roy, a professor at

---

[1] In stating the relevant facts, the Court must accept Plaintiffs' factual allegations as true and will "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

1

Penn State, and Defendant, who was then working as a research assistant to Dr. Roy, performed tests on Plaintiff Trivedi's "unique abilities" to "affect physical materials" at Penn State's materials research laboratory. (Id. ¶ 12; Doc. No. 1-2 at 4, 11.) In May 2011, following Dr. Roy's death, Defendant posted two publications regarding Plaintiff Trivedi on a website, stating in part that Plaintiff Trivedi's "blessings" had no effect on the tested physical materials. (Doc. No. 1 ¶ 14, 16; Doc. No. 1-2 at 4, 8-9, 11.) Defendant made additional statements concerning Plaintiff Trivedi in a July 30, 2011 email purportedly sent to Heather March and Julie McKinney.[2] (Doc. No. 1 ¶¶ 19-20; Doc. No. 1-2 at 22-25.) Specifically, Defendant wrote:

> We now know Trivedi is taking human growth hormone injections which is what causes his pituitary to be enlarged, causes him to need to drink all that water, increases his virility and makes him irritable and nasty. Thus the data that shows his cartilage is like that of a [twenty year old] is true because this is an effect of the [human growth hormone injections]. He pretends to be celibate but is driven to sex because of taking the [injections]. One [nineteen-year-old] girl he sexually abused, he beat her up so badly she wound up in the hospital. Her father pulled her out of the group and they are now pressing charges against Trivedi.

(Doc. No. 1 ¶ 19-20; Doc. No. 1-2 at 24.) On December 28, 2011, Plaintiffs instituted the above-captioned action by filing a complaint, alleging that Defendant defamed Plaintiffs and tortiously interfered with their business relations by publishing the latter statement. (Doc. No. 1.)

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing a motion to dismiss, a court

---

[2] The parties do not specify the connection that Ms. March and Ms. McKinney have to this action. Defendant's email, however, suggests that Ms. March and Ms. McKinney worked with Plaintiff Trivedi at some time preceding July 2011. (Doc. No. 1-2 at 23, 25.)

may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum, 361 F.3d at 221 n.3. The motion will only be properly granted when, taking all factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Indeed, the United States Supreme Court has held that while the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of an entitlement to relief . . . . [F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips, 515 F.3d at 231-32 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

## III.  DISCUSSION

Plaintiffs' complaint raises three counts against Defendant. Count I asserts a claim of defamation under Pennsylvania law, and Count II raises a claim of tortious interference with contractual relations under Pennsylvania law. In Count III, Plaintiffs request an injunction to

3

enjoin Defendant from publishing further defamatory statements regarding Plaintiffs. In her motion to dismiss, Defendant contends that Plaintiffs have failed to state any claim upon which relief can be granted. The Court will address each count in turn.

    A.    Defamation

In Count I, Plaintiffs allege that Defendant published "false and malicious" statements about Plaintiffs with the intent to injure their reputations and cause them harm. (Doc. No. 1 ¶¶ 23-24, 28-29.) Under Pennsylvania law, the plaintiff in a defamation action "has the burden of proving, when the issue is properly raised," the following seven elements:

> (1) The defamatory character of the communication.
>
> (2) Its publication by the defendant.
>
> (3) Its application to the plaintiff.
>
> (4) The understanding by the recipient of its defamatory meaning.
>
> (5) The understanding by the recipient of it as intended to be applied to the plaintiff.
>
> (6) Special harm resulting to the plaintiff from its publication.
>
> (7) Abuse of a conditionally privileged occasion.

42 Pa. Cons. Stat. § 8343(a). Defendant contends that this claim must be dismissed because Plaintiffs' complaint does not sufficiently allege that Defendant abused a conditionally privileged occasion or that she acted with actual malice.[3] (Doc. No. 10 at 2.)

---

[3] At oral argument, defense counsel also argued that the complaint does not specifically state how Defendant's allegedly defamatory statements caused Plaintiffs damage. Because Defendant's allegedly defamatory statements impute serious sexual misconduct, Plaintiffs have the burden of alleging only general damages, Chicarella v. Passant, 494 A.2d 1109, 1115 n.5 (Pa. Super. Ct. 1985), such as "impairment of reputation and standing in the community, personal

*1.    Abuse of a Conditionally Privileged Occasion*

A party may defend a defamation action by showing that a statement was made pursuant to a conditional privilege. 42 Pa. Cons. Stat. § 8343(b)(2); McAndrew v. Scranton Republican Pub. Co., 72 A.2d 780, 785 (Pa. 1950). Pennsylvania courts recognize a conditional privilege for defamatory statements "made on a proper occasion, from a proper motive, and in a proper manner" whenever "circumstances are such as to lead any one of several persons having a common interest in a particular subject matter correctly or reasonably to believe that facts exist which another sharing such common interest is entitled to know." Maier v. Maretti, 671 A.2d 701, 706 (Pa. Super. Ct. 1995). Examples of occasions giving rise to a conditional privilege include: "(1) when some interest of the publisher of the defamatory matter is involved; (2) when some interest of the recipient of the matter, or a third party, is involved; or (3) when a recognized interest of the public is involved." Elia v. Erie Ins. Exch., 634 A.2d 657, 660 (Pa. Super. Ct. 1993). A defendant, however, abuses and, thus, waives the privilege when "the publication is actuated by malice or negligence, is made for a purpose other than that for which the privilege is given or to a person not reasonably believed to be necessary to the accomplishment of the purpose of the privilege." Miketic v. Baron, 675 A.2d 324, 329 (Pa. Super. Ct. 1996). The defendant carries the burden to prove the privileged character of the occasion on which a defamatory communication was published, and it is the plaintiff's burden to show abuse of a

---

humiliation, and mental anguish and suffering," Gertz v. Robert Welch, Inc., 418 U.S. 323, 350 (1974). The Court concludes that Plaintiffs have done so by alleging that Defendant's statements harmed Plaintiffs' reputations in the community, caused third parties to cease dealing with Plaintiffs, and exposed Plaintiffs to distrust and contempt. See Franklin Prescriptions, Inc. v. N.Y. Times Co., No. 01-cv-145, 2001 WL 936690, at *2 (E.D. Pa. Aug. 16, 2001) (finding the plaintiff sufficiently alleged general damages by stating that an article harmed the plaintiff's reputation and customer base).

conditionally privileged occasion. 42 Pa. Cons. Stat. § 8343.

Although Plaintiffs could not reasonably be expected to plead abuse of a conditionally privileged occasion prior to Defendant alleging that the occasion on which she published the statements at issue was privileged, the Court finds that Plaintiffs have sufficiently done so. The complaint, while not specifically stating that Defendant abused a conditional privilege, avers that Defendant had no legitimate interest in publishing the emailed statements about Plaintiff Trivedi and that she was "motivated by ill-will, malice or another nefarious motive" to harm Plaintiffs' reputations. (Doc. No. 1 ¶¶ 21, 28, 33.) Construing these allegations in the light most favorable to Plaintiffs, and accepting those allegations and the inferences drawn therefrom as true, the Court finds that the complaint sufficiently states that Defendant abused a conditional privilege. See Green v. Mizner, 692 A.2d 169, 175 (Pa. Super. Ct. 1997) (finding allegations that the appellees published a letter "with malice or recklessness to blacken [the appellant's] reputation" were sufficient to allege abuse of a conditional privilege).

### 2. *Actual Malice*

Defendant's second argument is that Plaintiffs' complaint fails to sufficiently allege that Defendant published the allegedly defamatory statements with actual malice. A public figure who brings a defamation claim has the additional burden of pleading actual malice, that is, "that the defamatory falsehood was made with knowledge of its falsity or with reckless disregard for the truth." Gertz., 418 U.S. at 343. In Gertz, the Supreme Court identified three classes of public figures: "those who achieve such stature or notoriety that they are considered public figures in all contexts; those who become public figures involuntarily, but these are 'exceedingly rare'; and those who are deemed public figures only within the context of a particular public

dispute." U.S. Healthcare, Inc. v. Blue Cross of Greater Phila., 898 F.2d 914, 938 (3d Cir. 1990) (quoting Gertz, 418 U.S. at 345). The last class, known as limited-purpose public figures, includes individuals who voluntarily "thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved." Gertz, 418 U.S. at 345.

Here, Defendant contends that Plaintiff Trivedi is a limited-purpose public figure, a classification that Plaintiffs dispute. (Doc. No. 10 at 2; Doc. No. 12 at 15.) "The classification of a plaintiff as a public or private figure is a question of law to be determined initially by the trial court . . . ." Marcone v. Penthouse Int'l Magazine for Men, 754 F.2d 1071, 1081 n.4 (3d Cir. 1985). This question, however, is more appropriately resolved at the summary judgment stage on the basis of record evidence. See Rosanova v. Playboy Enters., Inc., 580 F.2d 859, 862 (5th Cir. 1978) ("[W]here undisputed facts admit to but one conclusion, then, on motion for summary judgment, the court properly decides the issue" of whether the plaintiff is a public figure); Isuzu Motors Ltd. v. Consumers Union of U.S., Inc., 12 F. Supp. 2d 1035, 1044 n.1 (C.D. Cal. 1998) ("[It] would be premature to determine, on a motion to dismiss, whether [the plaintiff] is a public figure or whether the alleged statements were made with actual malice."). Accordingly, the Court finds that, at this juncture, it is premature to determine whether Plaintiff Trivedi is a limited-purpose public figure or to dismiss Plaintiffs' defamation claim on the basis that Plaintiffs have failed to sufficiently allege actual malice.

### B.     Tortious Interference with Contractual Relations

In Count II, Plaintiffs allege that Defendant "intentionally and without justification interfered with Plaintiffs' business relationships by publishing statements regarding Plaintiffs. (Doc. No. 1 ¶ 37.) Specifically, they aver that Defendant's publications have resulted in writers,

supporters, and affiliates of Plaintiffs withdrawing their support for, and endorsements of, Plaintiffs as well as canceling scheduled interviews and conferences. (Id. ¶¶ 38-39.)

Under Pennsylvania law, to state a claim for tortious interference with contractual relations, a plaintiff must plead:

> (1) the existence of a contractual, or prospective contractual relation between the complainant and a third party;
>
> (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring;
>
> (3) the absence of privilege or justification on the part of the defendant; and
>
> (4) the occasioning of actual legal damage as a result of the defendant's conduct.

Strickland v. Univ. of Scranton, 700 A.2d 979, 985 (Pa. Super. Ct. 1997); see also Crivelli v. Gen. Motors Corp., 215 F.3d 386, 394 (3d Cir. 2000).

Plaintiffs appear to allege that Defendant interfered with both existing and prospective contractual relations.[4] (Doc. No. 1 ¶¶ 37-39.) For a claim of interference with existing contractual relations to withstand a motion to dismiss, Plaintiffs must specifically identify the existence of a contractual relationship with a third party. Alvord-Polk, Inc. v. F. Schumacher & Co., 37 F.3d 996, 1015 (3d Cir. 1994); Nathanson v. Med. Coll. of Pa., 926 F.2d 1368, 1388 (3d Cir. 1991); see also Square D Co. v. Scott Elec. Co., No. 06-cv-00459, 2008 WL 2096890, at *4

---

[4] The Court notes that Plaintiffs label their claim as "tortious interference with business relations." (Doc. No. 1 at 8.) The parties, however, cite Pennsylvania case law referring to this type of claim as "tortious interference with contractual relations." (See Doc. No. 10 at 6-7; Doc. No. 12 at 17-18.) Therefore, to be consistent, the Court will refer to Plaintiffs' claim as tortious interference with contractual relations.

8

(W.D. Pa. May 16, 2008) (dismissing the defendant's counterclaim of tortious interference with existing contractual relations where the defendant failed "to plead the existence of a contract with a specific third party"); Kelly-Springfield Tire Co. v. D'Ambro, 596 A.2d 867, 872 (Pa. Super. Ct. 1991) (providing that a claim of interference with existing contractual relations is susceptible to "definite, exacting identification"). Here, Plaintiffs fail to specifically identify any contractual relationships they had with third parties that were terminated or otherwise interfered with as a result of Defendant's publications. Accordingly, Plaintiffs' claim for tortious interference with existing contractual relations will be dismissed without prejudice.

Similarly, for a claim of interference with prospective contractual relations to survive a motion to dismiss, a plaintiff must plead the existence of prospective contracts. Alvord-Polk, Inc., 37 F.3d at 1015. "A prospective contract 'is something less than a contractual right, [and] something more than a mere hope . . . ." Id. (quoting Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 471 (Pa. 1979)). Plaintiffs' claim fails because they have failed to "demonstrate[] a reasonable probability that they would have entered into prospective contracts with third parties but for defendants' alleged interference." Id.; see also Brunson Commc'ns, Inc. v. Arbitron, Inc., 239 F. Supp. 2d 550, 578 (E.D. Pa. 2002) (granting motion to dismiss where the plaintiff could not identify "a single past, present or prospective customer" with whom it had a prospective contract that was not finalized because of the defendant's actions). Although Plaintiffs aver that interviews and conferences were canceled as a result of Defendant's publications, they do not allege with sufficient precision with whom they would have entered into contractual relations had these interviews and conferences been held. In fact, they fail to allege the types of prospective contracts with which Defendant interfered or the types of persons

9

with whom they would have entered into contractual relations. Accordingly, Plaintiffs' claim for tortious interference with prospective contractual relations will be dismissed without prejudice.

### C. Injunctive Relief

Finally, in Count III of the complaint, Plaintiffs request the Court to issue an order enjoining Defendant from making any statements regarding Plaintiffs outside the scope of her professional work measuring the impact of Plaintiff Trivedi's energy transmissions and enjoining her from interfering with Plaintiffs' business relationships. (Doc. No. 1 at 10.) Defendant contends that this request should be dismissed because an injunction is not a proper remedy in a defamation case or, in the alternative, because Plaintiffs have failed to plead facts demonstrating that an injunction is warranted. (Doc. No. 10 at 7-8; Doc. No. 14 at 7-8.)

"[P]rior restraints on speech and publication are the most serious and least tolerable infringement on First Amendment rights." Neb. Press Ass'n v. Stuart, 427 U.S. 539, 559 (1976). "Temporary restraining orders and permanent injunctions – i.e., court orders that actually forbid speech activities – are classic examples of prior restraints." Alexander v. United States, 509 U.S. 544, 550 (1993). The general rule is that "equity does not enjoin a libel or slander and that the only remedy for defamation is an action for damages." Cmty. for Creative Non-Violence v. Pierce, 814 F.2d 663, 672 (D.C. Cir. 1987); see also Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union, 239 F.3d 172, 177 (2d Cir. 2001) (collecting cases). Some courts, however, now apply a modern rule, permitting injunctive relief against defamatory statements where there is a prior adjudication of falsity. See Lassiter v. Lassiter, 456 F. Supp. 2d 876, 884 (E.D. Ky. 2006) (collecting cases and noting that "cases approving such injunctions have emphasized that there must be a prior adjudication of falsity as a condition precedent to the

10

issuance of an injunction.").

Here, the Court will grant Defendant's motion to dismiss Plaintiffs' claim for injunctive relief because Plaintiffs have failed to allege facts demonstrating that such an extraordinary form of relief is warranted. In their brief in opposition and at oral argument, Plaintiffs clarified that the only statements they allege are defamatory are those contained in Defendant's July 30, 2011 email. (Doc. No. 12 at 8.) Despite alleging that Defendant's "continued and repeated publication of the Defamatory Statements will continue to inflict irreparable harm," (Doc. No. 1 ¶ 43), the complaint is devoid of allegations, and Plaintiffs have not otherwise argued, that Defendant published allegedly defamatory statements about Plaintiffs since July 30, 2011. Accordingly, the Court will grant Defendant's motion to dismiss this claim.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that, at this juncture, Plaintiffs have sufficiently pled a claim of defamation but have not sufficiently stated facts indicating that injunctive relief is warranted. Further, the Court concludes that Plaintiffs have failed to allege a claim of tortious interference with existing or prospective contractual relations with sufficient precision. An order consistent with this memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MAHENDRA KUMAR TRIVEDI, et al.,** : | |
|     **Plaintiffs** : | |
| : | Civil Action No. 4:11-cv-02390 |
| **v.** : | |
| : | (Chief Judge Kane) |
| **TANIA M. SLAWECKI,** : | |
|     **Defendant** : | |

## ORDER

**AND NOW**, on this 28th day of November 2012, **IT IS HEREBY ORDERED THAT**

Defendant Tania M. Slawecki's motion to dismiss (Doc. No. 6) is **GRANTED IN PART** and

**DENIED IN PART** as follows:

1. Defendant's motion to dismiss Count I is **DENIED**;

2. Defendant's motion to dismiss Counts II and III is **GRANTED**, and Counts II and III are **DISMISSED WITHOUT PREJUDICE**; and

3. Plaintiffs are granted leave to file an amended complaint within twenty days of the date of this order.

                                                         S/ Yvette Kane
                                                         Yvette Kane, Chief Judge
                                                         United States District Court
                                                          Middle District of Pennsylvania