IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| MAHENDRA K. TRIVEDI, et al., | : | Case No. 4:11-cv-02390 |
| --- | --- | --- |
| Plaintiff | : | (Judge Brann) |
| v. | : | |
| TANIA M. SLAWECKI, | : | |
| Defendant. | : | |

# MEMORANDUM

April 24, 2013

For the reasons that follow, plaintiffs's motion to strike is denied and plaintiffs's motion to dismiss is granted.

## I. Background

On December 28, 2011, Plaintiffs Mahendra K. Trivedi, the Trivedi Foundation, and Trivedi Master Wellness, LLC (collectively, the "Trivedi plaintiffs") filed a complaint against defendant Tania M. Slawecki ("Slawecki"): count I alleged defamation; count II tortious interference with contractual relations; and count III sought injunctive relief.[1] (ECF No. 1). In a November 28, 2012 Order, Chief Judge Yvette Kane (who was then presiding over this matter)

---

[1] The Trivedi plaintiffs properly invoked the Court's diversity jurisdiction.

dismissed without prejudice the Trivedi plaintiffs's tortious interference claim, as well as the request for injunctive relief. (ECF No. 29). The claim for defamation survived, and Slawecki filed an answer on December 13, 2012 (hereinafter, the "first answer"), asserting counterclaims against the Trivedi plaintiffs: count I alleged abuse of process; count II intentional infliction of emotional distress ("IIED"); and count III violation of the Electronic Communications Privacy Act ("ECPA") (28 U.S.C. § 2511). (ECF No. 30). Days later on December 17, 2012, the Trivedi plaintiffs filed an amended complaint re-alleging claims for defamation (count I) and tortious interference with contractual relations (count II). (ECF No. 31). Slawecki answered on December 28, 2012 (hereinafter, the "second answer"), this time asserting only a single counterclaim for abuse of process (count I). (ECF No. 33). On January 3, 2013, the Trivedi plaintiffs moved to strike "impertinent and scandalous allegations" from Slawecki's first answer, and to dismiss Slawecki's counterclaim from her second answer. The Trivedi plaintiffs asserted various grounds for dismissal, including Slawecki's failure to supply an independent basis for federal jurisdiction over her abuse of process counterclaim. The parties's supporting and opposing papers can be found at ECF Nos. 35, 36, and 37.

## II.     The Motion to Strike is Denied

The Trivedi plaintiffs move to strike certain allegations made by Slawecki in support of two of three counterclaims she included in her first answer.

Slawecki's first answer asserted counterclaims for abuse of process, IIED, and violation of the ECPA. In support of her counterclaims for IIED and violation of the ECPA, Slawecki alleged that the Trivedi plaintiffs, in retaliation for Slawecki's criticism of them, disrupted her internet service and that of her associates; hacked into and installed malware on a website she maintained; intercepted her phone calls; caused fraudulent activity on her credit card; made harassing phone calls to her and her parents; and harassed her with real and threatened litigation. (First Answer, Dec. 13, 2012, ECF No. 30 at ¶¶ 28-49).

Slawecki omitted her IIED and ECPA-related counterclaims (counts II and III of her first answer) from her second answer, maintaining only her counterclaim for abuse of process (count I). As a result, all but the allegations concerning real and threatened litigation, which continue to support her abuse of process counterclaim, were omitted from her second answer. (See Second Answer, Dec. 28, 2012, ECF No. 33).

The Trivedi plaintiffs argue that many of the allegations supporting Slawecki's superseded counterclaims constitute "scandalous attacks" against the Trivedi plaintiffs that the Court should strike from the record pursuant to its

3

authority under Rule 12(f) of the Federal Rules of Civil Procedure, which provides that "[t]he court," on motion by a party or on its own, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Pls.' Br., Jan. 16, 2013, ECF No. 35 at 8) (hereinafter "Pls.' Br."). Were the Court to not do so, contend the Trivedi plaintiffs, the allegations will "sit in the record [and] never be fully and properly addressed and dismissed." (Pls.' Br. at 9).

"A decision to grant or deny a motion to strike a pleading is vested in the trial court's discretion." Zaloga v. Provident Life and Accident Ins. Co. of Am., 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009) (Kosik, J.). As plaintiffs concede, motions to strike are generally disfavored. (Pls.' Br. at 7). Indeed, "there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed.) (hereinafter Wright & Miller). See also Zaloga, 671 F. Supp. 2d at 633 ("Because a motion to strike is not favored, a court will generally not grant such a motion unless the material to be stricken bears no possible relationship to the controversy and may cause prejudice to one of the parties.").

4

Even assuming that Slawecki's superseded counterclaims were improperly derogatory – an issue upon which the Court expresses no opinion – the Trivedi plaintiffs have failed to show that they will be prejudiced if her allegations remain in the record as is. As the Third Circuit very recently affirmed, an "amended complaint supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." W. Run Student Hous. Assoc., LLC v. Huntington Nat'l Bank, -- F.3d --, 2013 WL 1338986, at *5 (3d Cir. Apr. 4, 2013) (quoting New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1504 (3d Cir. 1996)) (internal quotation marks omitted). Contrary to the Trivedi plaintiffs's assertion that the allegations in Slawecki's first answer will "never be fully and properly addressed and dismissed," the allegations have been, in effect, "amended away" by Slawecki herself. Landmark Graphics Corp. v. Paradigm Geophysical Corp., 2007 WL 189333, at *1 (S.D. Tex. 2007) (quoting Hibernia Nat'l Bank v. Carner, 997 F.2d 94, 101 (5th Cir. 1993)). Surely the superseded counterclaims will not be presented to any jury that hears this case. See Wright & Miller § 1382 ("Of course, if the complaint will not be submitted to the jury, . . . there is less need to strike scandalous allegations."). Since the Trivedi plaintiffs will not be prejudiced by the superseded allegations and because "[g]ranting the motion to strike the allegations

5

in the now-superseded pleading does not provide relief greater than the amendment itself has already provided," Landmark Graphics, 2007 WL 189333, at *1, the motion to strike is denied.[2]

### III. The Motion to Dismiss is Granted

The Trivedi plaintiffs also seek dismissal of the abuse of process counterclaim in Slawecki's second answer. The Trivedi plaintiffs characterize this counterclaim as "permissive," See Fed. R. Civ. P. 13, a characterization that Slawecki does not dispute. (See Def.'s Br., Jan. 30, 2013, ECF No. 36 at 9) (hereinafter "Def.'s Br."). See also Silverstein v. United Men's Store, 1986 WL 1999, at *1 (E.D. Pa. Feb. 5, 1986) ("A counterclaim for abuse of process or malicious use of process is a 'permissive' counterclaim."). The Trivedi plaintiffs argue that, as a permissive counterclaim, count I of Slawecki's second answer must be dismissed for failure to establish an independent basis for federal jurisdiction.

"A permissive counterclaim must have an independent jurisdictional basis."

---

[2]*A fortiori*, the court will not, as the Trivedi plaintiffs request, "direct[] Defendant to remove any references from any website and to take all steps necessary to prevent the further publication of the allegations in any forum." As the Trivedi plaintiffs should be well aware, this request also raises serious First Amendment concerns. (See Ct. Mem., Nov. 28, 2012, ECF No. 29 at 10-11) (quoting Neb. Press Ass'n v. Stuart, 427 U.S. 539, 559 (1976) ("[P]rior restraints on speech and publication are the most serious and least tolerable infringement on First Amendment rights.").

Reitz v. Dieter, 840 F.Supp. 353, 355-56 (E.D. Pa. 1993) (dismissing permissive counterclaim for failure to establish independent jurisdictional basis); Silverstein, 1986 WL 1999, at *1 (dismissing abuse of process counterclaim for failure to establish independent jurisdictional basis).

Abuse of process is a state law cause of action over which this Court might exercise diversity jurisdiction. See 28 U.S.C. § 1332. Slawecki concedes, however, that as currently pleaded, her counterclaim does not meet the prerequisites that trigger this Court's diversity jurisdiction. Although Slawecki has properly alleged that the parties reside in different states, her alleged damages do not meet the amount in controversy requirement of $75,000. (Def.'s Br. at 9). Accordingly her counterclaim is dismissed for failure to establish an independent basis for federal jurisdiction.[3]

## IV. Conclusion

For the foregoing reasons, the Trivedi plaintiffs's motion to strike is denied; their motion to dismiss is granted. Slawecki has until May 8, 2013, to amend her

---

[3] The Trivedi plaintiffs assert that there are additional grounds for dismissal of Slawecki's counterclaim. The Court will not address these at this time because Slawecki has submitted that she will seek leave to amend in order to add additional allegations that will bring the amount in controversy above the threshold. (Def.'s Br. at 9). If leave is granted, Slawecki's amendments could potentially cure any alleged deficiencies.

answer.

An Order follows.

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAHENDRA K. TRIVEDI, et al., | : | Case No. 4:11-cv-02390 |
| Plaintiff | : | (Judge Brann) |
| v. | : | |
| TANIA M. SLAWECKI, | : | |
| Defendant. | : | |

# ORDER

AND NOW, this 24th day of April, 2013, it is hereby ORDERED in accordance with the accompanying memorandum that the Trivedi plaintiffs's "Motion to Strike Allegations in Answer Dated December 13, 2012 and to Dismiss Defendant's Counterclaim in Answer Dated December 28, 2012" (ECF No. 34) is granted in part and denied in part. The motion to strike is DENIED; the motion to dismiss is GRANTED. Slawecki has until May 8, 2013, to amend her answer.

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge