IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAHENDRA KUMAR TRIVEDI, :
TRIVEDI FOUNDATION, INC. and :
TRIVEDI MASTER WELLNESS, LLC, :
                             Plaintiffs :
        v. : Case No.: 4:11-cv-2390
TANIA M. SLAWECKI, :
                             Defendant :

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT DISMISSING DEFENDANT'S COUNTERCLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 AND L.R. 56.1**

AND NOW come the Plaintiffs, by and through their attorney, and move your Honorable Court to grant summary judgment in their favor and in support thereof represent as follows:

**Defendant's Counterclaim**

1. Defendant asserts an "Abuse of Process" action in its only count - Count I - with its premise being, "[o]n information and belief, Plaintiffs initiated, and caused to be initiated, the multiple lawsuits in multiple jurisdictions, each alleging substantially the same claims, against Dr. Slawecki primarily for the improper purposes of consuming her resources, wearing her

down emotionally, and coercing her into settlement."[1]  See Defendant's Amended Counterclaim.

2.	An abuse of process claim must establish three elements, (1) a defendant used a legal process against the plaintiff; (2) the defendant used the process to primarily accomplish a purpose for which the process was not designed; and (3) harm has been caused the plaintiff.

---

[1]Defendant's Counterclaim is based on the premise of the wrongful **initiation** of multiple lawsuits in multiple jurisdictions for improper purposes, including the present lawsuit, the action filed in the State of Arizona for Maricopa County (Trivedi, et al v. Morrisette, et al; Case No. cv2012-090791), and the action filed in the State of Arizona for Maricopa County (Branton v. Lang, et al; Case No. cv2012-017995).

A cause of action for **wrongful use of civil proceedings** arises when a party improperly or wrongfully initiates a lawsuit. 42 Pa.C.S. §8351-54. "Any allegation that a party has brought a suit for an unfounded reason is an element of wrongful use of civil proceedings rather than an action for abuse of process." *Horizon House Developmental Services, Inc. v. Township of Upper Southampton*, 1990 U.S. Dist. LEXIS 13271, 6 (October 4, 1990).
The elements of an action for wrongful use of civil proceedings are as follows

> (a) A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
> (1) He acts in a grossly negligent manner or without probably cause and primarily for purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
> (2) The proceedings have terminated in the favor of the person against whom they are brought.

Pa.C.S. §8351.

The evidence of record fails to show Plaintiffs acted in a grossly negligent manner, nor does the evidence show that Plaintiffs brought these actions for an improper purpose.

Alternatively, should this Court find that the allegations of Defendant's Counterclaim fall under the cause of action, abuse of process, Defendant's Counterclaim should also be dismissed on the same grounds.

3. As such, Plaintiffs can only be liable if the improper use of the process is the primary purpose of the proceeding.

4. The evidence of record fails to show any malicious intent of the Plaintiffs or that they improperly used a process other than for the purpose of which it was intended.

5. Defendant/Counterclaimant cannot show that Plaintiffs used any legal process for which that process was not designed.

6. Defendant/Counterclaimant cannot show that the Plaintiffs have done more than carry out these processes to their authorized conclusions.

7. Count I of Defendant/Counterclaimant's Counterclaim seeks compensatory and punitive damages, interest, attorney's fees, costs and expenses, which are not a cognizable claim.

8. Count I seeks punitive damage despite the lack of any evidence that would support an award of punitive damages.

9. Count I also seeks counsel fees, although there are no allegations that would entitle Defendant/Counterclaimant's to counsel fees.

10. Defendant/Counterclaimant has produced no evidence that would allow this case to proceed with the jurisdictional requirement.

11. Defendant/Counterclaimant has produced no documentation or evidence which would entitle her to damage for pain and suffering.

12. Defendant/Counterclaimant cannot file an abuse of process claim for the present lawsuit as a matter of law.

13. Defendant/Counterclaimant cannot file an abuse of process claim unless process claim unless process is initiated as a result the alleged "threatened" lawsuit in New York is not a cognizable claim.

**WHEREFORE** Plaintiffs request that summary judgment be entered in their favor and against Defendant/Counterclaimant, dismissing Defendant/Counterclaimant's Counterclaim with prejudice.

GOODALL & YURCHAK, P.C.

/S/ Kathleen V. Yurchak, Esquire
Pa.I.D. 55948
328 South Atherton Street
State College, PA 16801
(814) 237-4100

Dated: 4/3/2015

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAHENDRA KUMAR TRIVEDI, TRIVEDI FOUNDATION, INC. and TRIVEDI MASTER WELLNESS, LLC, <br><br> Plaintiffs <br> v. <br><br> TANIA M. SLAWECKI, <br><br> Defendant | Case No.: 4:11-cv-2390 |

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiffs' Motion for a Summary Judgment was sent on this 3rd day of April, 2015, via electronic mail to the following:

James Turner, Esquire
Michelle Chehi, Esquire
Swankin & Turner
1400 16th Street NW
Suite 101
Washington, DC 20036

Steven Lachman, Esquire
817 Saxton Drive
State College, PA 16801

Jeffrey B. Rettig, Esquire
Johnson, Duffie, Stewart & Weidner
301 Market Street
P.O. Box 109
Lemoyne, PA 17043

/s/ Kathleen V. Yurchak, Esquire