## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAHENDRA KUMAR TRIVEDI, | : | Civil Action No. 4:11-CV-2390 |
| TRIVEDI FOUNDATION, INC. and | : | |
| TRIVEDI MASTER WELLNESS, | : | |
| LLC, | : | |
| | : | Judge Brann |
| Plaintiffs, | : | |
| | : | |
| v. | : | **ORAL ARGUMENT** |
| | : | **REQUESTED** |
| TANIA M. SLAWECKI, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

James S. Turner
DC 82479
Michelle L. Zhang
NY 4989901
Swankin & Turner
1400 16th Street, NW, Suite 101
Washington, DC 20036
Ph: 202-462-8800
jim@swankin-turner.com
michelle@swankin-turner.com

*Attorneys for Defendant*
*Admitted pro hac vice*

Steven Lachman
PA ID 46110
817 Saxton Drive
State College, PA 16801
Ph: 814-384-7505
stevelachman@gmail.com

*Attorney for Defendant*

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................... ii

TABLE OF AUTHORITIES .................................................................. iii

INTRODUCTION ..................................................................................1

STANDARD OF REVIEW ....................................................................2

ARGUMENT .........................................................................................2

   I.  **Plaintiffs Used Legal Processes for Improper Purposes** ........................2

      A. **The Two Arizona Lawsuits** ..........................................................2

          i.  **Trivedi et al. v. Morrisette et al.** .....................................3

         ii. **Branton v. Lang et al.** ......................................................8

      B. **Additional Evidence of Plaintiffs' Improper Purposes –
          Plaintiffs' Arizona and New York Litigation Not
          Involving Dr. Slawecki** ...............................................12

      C. **Subpoena** ..................................................................15

      D. **Discovery in the Present Case** ...................................19

  II. **Damages** .................................................................................20

CONCLUSION .....................................................................................21

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ...............................................2

*Buchleitner v. Perer*, 794 A.2d 366 (Pa. Super. 2002) ...................................... 9-10

*Cohen v. Pelagatti*, 493 A.2d 767 (Pa. Super. 1985) ...............................................16

*Dietrich Industries, Inc. v. Abrams*, 455 A.2d 119 (Pa. Super. 1982) .....................3

*General Refractories v. Fireman's Fund Ins.*, 337 F.3d 297 (3d Cir. 2003) ... 11-12

*P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848 (3d Cir. 2006) .................................2

*U.S. v. Nixon*, 18 U.S. 683 (1974) .................................................................... 15-16

## FEDERAL RULES OF CIVIL PROCEDURE

56(a) .......................................................................................................................2

# INTRODUCTION

The Plaintiffs/Counter-Defendants (hereinafter, "Plaintiffs") continue to misrepresent the facts, including this Court's opinion.[1]

Throughout this case, the Plaintiffs used legal processes against Dr. Slawecki primarily to cause her emotional distress, financial harm, to impair her ability to proceed in the present lawsuit, and to coerce her to retract/remove her Internet article in which she stated that the results of her scientific testing of Plaintiff Mahendra Trivedi's self-claimed psychic powers did not show the existence of such powers, which Internet article was at issue in the present lawsuit. Those purposes are not authorized by any legal process. Specifically, Dr. Slawecki's counterclaim of Abuse of Process is based on the Plaintiffs' perversion of each of the following processes after initiating the present lawsuit: the subpoena, the two Arizona lawsuits, and discovery in the present lawsuit.

---

[1] The Plaintiffs assert that the Court "found that Ms. Slawecki was negligent and that this was a very difficult decision." (Plaintiffs' Br. at p. 7.) What the Court *actually* stated in its Memorandum dismissing all of the Plaintiffs' claims was:

> It is a formidable task for the Court to determine as a matter of law where on the continuum Dr. Slawecki's actions stood. With this in mind, the undersigned turns to the facts presented by the parties. The Court finds that Plaintiffs simply have not set forth enough evidence for a reasonably jury to find by *clear and convincing evidence* that Dr. Slawecki acted recklessly. To the contrary, Plaintiffs have merely set forth evidence to show that Dr. Slawecki acted negligently.

ECF Doc. #84, at pp. 27-28.

# STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). An issue is "genuine" if there is sufficient evidence for a reasonable jury to find for the non-moving party, and a factual dispute is "material" if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party must set forth sufficient evidence to show the existence of a genuine issue of material fact for trial. *See id.* The facts, and all reasonable inferences therefrom, must be viewed in the light most favorable to the non-moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

# ARGUMENT

## I. Plaintiffs Used Legal Processes for Improper Purposes

### A. The Two Arizona Lawsuits

Dr. Slawecki has not limited her allegations regarding the two Arizona lawsuits only to their initiation. Furthermore, the initiation of a proceeding *can* give rise to abuse of process. Pennsylvania courts have recognized that an example of an abuse of process is "the initiation of a civil proceeding to coerce the

payment of a claim completely unrelated to the cause of action sued upon." *See Dietrich Industries, Inc. v. Abrams* 455 A.2d 119, 124 (Pa. Super. 1982) (internal citation omitted). Dr. Slawecki has alleged that the Plaintiffs' use of the two Arizona lawsuits in their entirety was primarily for improper purposes.

### i. Trivedi et al. v. Morrisette et al.

The Plaintiffs' current arguments show lack of any legitimate purpose for *Trivedi et al. v. Morrisette et al.* The Plaintiffs argue that "[t]he reasons the lawsuit was filed in Arizona is that is where many of the Defendants and Plaintiffs resided." (Plaintiffs' Br. at p. 10.) The Plaintiffs' assertion that "many of the Defendants" resided in Arizona is simply false. That complaint (Exhibit B) alleged the following regarding the defendants' domiciles:

- Michele Morrisette resides in California (¶5);

- Tania Slawecki resides in Pennsylvania (¶7);

- Dennis Lang resides in Minnesota (¶9); and

- Nolan Corbitt (sic, ¶11) resides in South Carolina.

According to that complaint, *no defendants resided in Arizona*.

Furthermore, the Plaintiffs' argument that "there are issues regarding personal jurisdiction, general jurisdiction and specific jurisdiction which required the action to be filed in Arizona" (Plaintiffs' Br. at p. 10) is entirely contrary to the law and the facts. The Plaintiffs' reliance on the concepts of general and specific

jurisdiction is misguided. Those concepts have no applicability here, and the Plaintiffs grossly misapply them in any event.[2] The law on general and specific jurisdiction protects a *defendant* from being haled to litigate in a forum with which she has insufficient contacts, and is used by the court to determine whether it has personal jurisdiction over a *defendant*. A plaintiff, on the other hand, initially selects the forum, so a court will always have personal jurisdiction over a plaintiff who files a lawsuit in that court. Accordingly, the Plaintiffs' application of the effects test, to analyze Arizona's and Pennsylvania's personal jurisdiction over themselves, is misguided, since they were the plaintiffs in both cases.[3]

Here, personal jurisdiction was a non-issue once the *Plaintiffs selected* the present Pennsylvania forum and their Complaint *established this Court's personal jurisdiction* over Dr. Slawecki, and Dr. Slawecki *did not object*. Therefore, the Plaintiffs' argument that issues regarding personal jurisdiction "required" them to

---

[2] The Plaintiffs' misapplication of the effects test set forth in *Calder v. Jones* leads to their misguided argument that "[i]f Slawecki's allegations are true, Plaintiffs/Counter-Defendants committed a tort in Arizona, where they filed the action and Slawecki suffered a harm in Arizona, where she needed to defend the action." (See Plaintiffs' Br., pp. 11-12.) There are several things wrong with the Plaintiffs' argument, but Dr. Slawecki will forego a discussion on that topic because of the word limit for this brief.

[3] The fact that the Plaintiffs are now counter-defendants does not change the analysis. The Plaintiffs submitted to this Court's jurisdiction when they filed the present lawsuit; therefore, their assertion that they "did not have continuous and substantial contact with the Commonwealth of Pennsylvania" (Plaintiffs' Br., p. 11) is misguided.

subsequently file the Arizona action against Dr. Slawecki is illogical, and none of the Plaintiffs' discussion of general and specific jurisdiction is relevant.

The real issue is whether the Plaintiffs had legitimate purposes for the Arizona lawsuit, after they had already filed the present Pennsylvania lawsuit making substantially the same claims, where Dr. Slawecki did not object to this Court's personal jurisdiction, and when none of the defendants resided in Arizona. Even if Arizona had personal jurisdiction over Dr. Slawecki (which it did not, as shown by the dismissal in the Branton lawsuit), that does not constitute evidence of a proper purpose. In contrast, Dr. Slawecki has set forth abundant evidence of the Plaintiffs' improper purposes.

The following abusive procedural tactics show the Plaintiffs' improper purposes:

- On March 15, 2012, the Plaintiffs filed *Trivedi et al. v. Morrisette et al.* in the Arizona Superior Court. <u>Exhibit B</u>.

- On March 26, 2012, before even serving Dr. Slawecki with the summons and complaint, the Plaintiffs caused an Order to Show Cause to be filed, ordering Dr. Slawecki, Michele Morrisette, Dennis Lang, and Nolan Corbitt to appear for a hearing set for April 26, 2012 in the Arizona Superior Court. <u>Exhibit C</u>.

- On April 16, 2012, Dr. Slawecki received an unsigned summons and complaint, sent by certified mail to her workplace, the receipt of which was not signed by her.  Exhibit D.  Those documents received by Dr. Slawecki on April 16, 2012 did not include a copy of the Order to Show Cause.

- On April 20, 2012, the Plaintiffs' Arizona counsel, Daniel Warner, emailed Dr. Slawecki directly, while having knowledge that Dr. Slawecki was represented by counsel.  The email attached the following documents: signed complaint; signed summons to Dr. Slawecki; signed summons to Dr. Slawecki's husband; Order to Show Cause; and related documents.  Exhibit E.  The email apparently attempted to serve the summons and complaint on Dr. Slawecki and her husband, and attempted to notify Dr. Slawecki of the April 26, 2012 hearing.

- At the hearing on April 26, 2012, no defendants appeared.  The Arizona Superior Court found that none of the defendants had received adequate notice or an opportunity to be heard, and the court rescheduled the hearing for May 24, 2012.  Exhibit F (Minute Order).

- On April 30, 2012, Dr. Slawecki still had not received proper service of the summons and complaint.  Exhibit G.

- On May 4, 2012, the Plaintiffs voluntarily dismissed the lawsuit.

  <u>Exhibit H</u>.

The foregoing shows the Plaintiffs' perversion of the Arizona lawsuit primarily to create substantial and unnecessary burdens to Dr. Slawecki, to cause her emotional distress and to draw her resources and focus away from the present lawsuit. The attempted service of the summons and complaint on April 16, 2012 was clearly improper, and was sent to Dr. Slawecki's workplace instead of to her counsel, which could have had no purpose other than to cause her emotional distress and reputational harm at work. Additionally, the fact that the documents served on April 16, 2012 did not include a copy of the Order to Show Cause, which the Plaintiffs had filed on March 26, 2012, shows the Plaintiffs' bad faith in their intent to prevent Dr. Slawecki from appearing for the hearing. Furthermore, the fact that the Plaintiffs' counsel contacted Dr. Slawecki directly, while having either actual or imputed knowledge that Dr. Slawecki is represented by counsel,[4] could have had no purpose other than to cause emotional distress to Dr. Slawecki. Additionally, the fact that the Plaintiffs' counsel notified Dr. Slawecki of the hearing date only six days (four business days) prior to the hearing that was to take place across the country from Dr. Slawecki, after the Plaintiffs had nearly one

---

[4] Dr. Slawecki's first filing in the present case was on January 25, 2012, by counsel. (See ECF Doc. #6, Dr. Slawecki's motion to dismiss.)

month to notify her, could have had no purpose other than to cause additional emotional distress to Dr. Slawecki.  The Plaintiffs' dismissal of the lawsuit less than two months after its filing, and after (improperly) using various procedures, further shows the Plaintiffs' improper purposes.

The substance of *Trivedi et al. v. Morrisette et al*. provides additional evidence of the Plaintiffs' improper purposes.  In that case, the Plaintiffs claimed defamation and tortious interference with contractual relations against Dr. Slawecki (Exhibit B),[5] which were duplicative of the Plaintiffs' claims already pending in the present lawsuit.  The complaint even named Dr. Slawecki's husband as a defendant, although failing to make a single allegation against him.  This could have served no purpose other than to harass and cause emotional distress to Dr. Slawecki.  The Plaintiffs' dismissal of the lawsuit, and failure to re-file, further highlight its illegitimacy.

### ii.  Branton v. Lang et al.

Even the purpose admitted by the Plaintiffs for *Branton v. Lang et al.* shows their improper purpose.  The Plaintiffs state that the Branton lawsuit "was initiated to stop Slawecki and others from disseminating fraudulent and defamatory information that was having an affect [sic] on Ms. Branton's personal life, whereby the father of her child filed an action against Ms. Branton stating that because of

---

[5] *Trivedi et al. v. Morrisette et al*. also included "False Light Invasion of Privacy," "Aiding and Abetting Defamation," and "Conspiracy to Defame Plaintiffs."

Ms. Branton's employment, their daughter was in danger." (Plaintiffs' Br. at p.

17.) If filed for that purpose, that lawsuit was improper as to Dr. Slawecki because

nothing in the complaint alleged any misconduct by Dr. Slawecki that had any

legally cognizable effect on Ms. Branton's personal life. The complaint makes

numerous allegations of specific statements by others regarding Ms. Branton's care

of her child, but the only allegations of misconduct specific to Dr. Slawecki that

the Plaintiffs point to are the following:

> 43. "Defendant Tania Slawecki, on information and belief, is employed by Pennsylvania State University. Ms. Slawecki participated in a study conducted by researchers at Pennsylvania State University of the abilities of Mr. Trivedi."

> 44. "Ms. Slawecki has alleged that Mr. Trivedi lacks certain abilities. Ms. Slawecki has become a vociferous critic of the Trivedi Business Entities. Ms. Slawecki has actively worked with Mr. Lang, Ms. Morrisette, and disgruntled former employees of the Trivedi Business Entities to harm Mr. Trivedi and the Trivedi Business Entities. Ms. Slawecki has even suggested that Mr. Trivedi caused the death of a researcher at Pennsylvania State University."

> 45. "On information and belief, Ms. Slawecki has influenced Mr. Corbitt[6] and caused Mr. Corbitt to assert that Mr. Trivedi is a fraud."

Exhibit I, at ¶¶ 43-45.

Improper purpose may be inferred from want of probable cause to maintain

or continue the proceedings. *Buchleitner v. Perer*, 794 A. 2d 366, 377 (Pa. Super.

2002). When a case is initiated against a party and later dismissed for failure to

---

[6] Nolan Corbitt is the father of Ms. Branton's child.

sustain a prima facie case against that party, probable cause cannot be established as a matter of law. *Id.* (internal citation omitted).

The following facts show the lack of probable cause and improper purpose for Ms. Branton's lawsuit: 1. Ms. Branton is CEO of Trivedi, LLC, and is also involved with the operations of Trivedi Master Wellness, LLC and Trivedi Products, LLC (Exhibit I, at ¶9); 2. Trivedi Master Wellness, a Plaintiff in the present case, paid for Ms. Branton's lawsuit against Dr. Slawecki that was filed while the present lawsuit was already pending (Exhibit J, Trivedi deposition transcript); 3. Ms. Branton's lawsuit sought essentially the same relief as that already sought in the present lawsuit; 4. Dr. Slawecki's alleged actions, directed only toward Mr. Trivedi and the Trivedi entities, in no way implicated Ms. Branton or her personal life; 5. any connection between Dr. Slawecki's alleged actions and Ms. Branton's child custody battle are so attenuated as to not be legally cognizable; 6. before Dr. Slawecki even had time to respond to Ms. Branton's Motion for Leave to Take Discovery Regarding Personal Jurisdiction and Extension of Time to Respond to Motions to Dismiss (Exhibit K), the Arizona Superior Court denied Ms. Branton's motion in its entirety (Exhibit L); 7. the Arizona Superior Court then dismissed Ms. Branton's lawsuit against Dr. Slawecki on grounds of lack of personal jurisdiction, and granted Ms. Branton sixty days to file an amended complaint (Exhibit M). After the dismissal, Ms. Branton did not

file an amended complaint, did not re-file the lawsuit in any jurisdiction, and did not join the present lawsuit, which support Dr. Slawecki's position that Ms. Branton and the Plaintiffs knew that Ms. Branton never had any cognizable claim against Dr. Slawecki. The foregoing facts show improper purposes of the Branton lawsuit. Additionally, improper purpose should be inferred based on Ms. Branton's failure to establish jurisdiction to sustain a prima facie case, which shows lack of probable cause as a matter of law.

Even lacking all cause, Ms. Branton (and the Plaintiffs) pursued her lawsuit against Dr. Slawecki for five months, and even attempted to prolong that process. During that time, Ms. Branton filed the following: Motion for Leave to Take Discovery Regarding Personal Jurisdiction and *Extension of Time* to Respond to Motions to Dismiss (Exhibit K), discussed above, which the court expressly denied; and Motion to *Postpone* May 17, 2013 Hearing (Exhibit N), which the court impliedly denied by holding the May 17, 2013 hearing.

Perversion of legal process includes using legal process to: weaken the resolve of the other party; primarily to increase litigation burden and expense to the opposing party and the use of that process is not reasonably justifiable for purposes of advancing the party's interests in the ongoing litigation; or coerce inequitable settlements by impairing the opposing party's ability to defend the lawsuit on its

merits.  *See General Refractories v. Fireman's Fund Ins.*, 337 F.3d 297, 308 (3d

Cir. 2003).

Instead of consolidating their claims for judicial efficiency, the Plaintiffs

intentionally scattered their claims against Dr. Slawecki in this forum and Arizona,

using the Arizona lawsuits as tactical weapons to harass and cause emotional

distress and litigation burden and expense to Dr. Slawecki, without any legitimate

purpose for the lawsuits, and to coerce an inequitable settlement by impairing Dr.

Slawecki's ability to defend the present lawsuit.  Accordingly to *General*

*Refractories,* these purposes constitute perversions of legal process.

### B. Additional Evidence of Plaintiffs' Improper Purposes – Plaintiffs' Arizona and New York Litigation Not Involving Dr. Slawecki

Even the emails from the Plaintiffs' counsel, at Plaintiffs' Exhibit L (ECF

Doc. #114-3 at pp. 92 - 96 of 139) (attached here as Defendant's Exhibit O), reveal

the Plaintiffs' improper purposes in their intent to use other litigation to coerce a

desired result in the present lawsuit.  The Plaintiffs' counsel at the time, Marsha

Kramarck, responding to a general inquiry by Dr. Slawecki's counsel, stated in her

June 13, 2012 email that as a *prerequisite* to "any hope of settlement, the offensive

conduct must first cease," and that "Ms. Slawecki's decision not to choose a

different course will likely govern the course of the litigation in NY as well as in

AZ." [7]  (Plaintiffs' Exhibit L.)  Attorney Kramarck's reference to the Arizona

litigation is to the Plaintiffs' lawsuit against Paul Capodanno in Arizona,[8] to which

Dr. Slawecki was not a party.  Neither was Dr. Slawecki a party to the New York

lawsuit.  Attorney Kramarck's reference to "offensive conduct" was to Dr.

Slawecki's conduct that was at issue in the present case.  Notably, the *only*

*continuing conduct* at that time was Dr. Slawecki's continued posting of her

Internet article regarding the Plaintiffs, which the Plaintiffs alleged to have caused

them harm, as part of their present lawsuit claiming defamation and tortious

interference with contractual relations.  As the Plaintiffs admit (Plaintiffs' material

facts at ¶¶15-18 (ECF Doc. #114-1); and Plaintiffs' Exhibit L), Attorney Kramarck

stated the following:

> "Mr. Trivedi would like Ms. Slawecki to be aware of this litigation [AZ and
> NY] and to understand that future and further litigation may result in her
> being named as a Defendant. …

---

[7] The email exchange between Attorney Kramarck and Attorney Lachman did not
constitute settlement/compromise offers and negotiations, and neither party viewed
it as such, as shown by the following facts: 1. Attorney Kramarck made only a
threat and no settlement offer, as Attorney Lachman indicated to her; 2. Attorney
Kramarck responded that neither did Attorney Lachman offer "any detailed
settlement terms to which to respond, beyond an oral representation of [Dr.
Slawecki's] interest in settlement"; and 3. Attorney Kramarck stated that "*if* there
will ever be *any hope* of settlement, the offensive conduct must first cease."
(Emphasis added.)

[8] At the time of Attorney Kramarck's June 13, 2012 email, the Plaintiffs' only
pending Arizona lawsuit was their lawsuit against Paul Capodanno.  The Plaintiffs
had dismissed their Arizona lawsuit against Dr. Slawecki on May 4, 2012, and the
Branton lawsuit was not filed until December 2012.

Your client may, of course, engage in any activities she deems appropriate. However, with each further act of defamation and business interference, the damages increase exponentially, and the resulting liability to Ms. Slawecki vastly expands."

Attorney Kramarck's emails indicate that Dr. Slawecki's refusal to take the action sought by the Plaintiffs *in the present lawsuit* will "likely govern the course of" the Plaintiffs' other litigations in Arizona and New York, and that Dr. Slawecki may be named a defendant in those lawsuits, depending on her decision of whether to cease the ongoing "offensive conduct." Because Dr. Slawecki was not a party to the Plaintiffs' other lawsuits, the only purpose for Attorney Kramarck's mention of those lawsuits was to intimidate Dr. Slawecki to cease her ongoing conduct at issue in the present lawsuit. There is no legitimate reason why Dr. Slawecki's conduct at issue *in present lawsuit* should "govern the course of the litigation" in the Plaintiffs' other lawsuits and determine whether the Plaintiffs will add her to those lawsuits, where her only connection to those lawsuits, if any, was so attenuated and speculative that the Plaintiffs never found any grounds to name her as a defendant.[9]

---

[9] Attorney Kramarck's June 13, 2012 emails threaten a potential conspiracy claim against Dr. Slawecki. However, just one month earlier (on May 4, 2012), the Plaintiffs had dismissed their Arizona lawsuit against Dr. Slawecki, which included claims involving an alleged conspiracy among Dr. Slawecki and others. Exhibit B (complaint in *Trivedi et al. v. Morrisette et al.*). The Plaintiffs did not subsequently re-file those claims in any jurisdiction.

This reveals the Plaintiffs' improper purpose of using their other lawsuits to coerce Dr. Slawecki to cease ongoing conduct at issue in the present lawsuit, which is a purpose not authorized for those other lawsuits.

### C. Subpoena

The Plaintiffs' assertion that "[t]here is no allegation in Slawecki's pleading that the subpoena was used to coerce or compel Slawecki and to undertake collateral actions to which the process did not apply" (Plaintiffs' Br. at pp. 13-14) directly contradicts the Plaintiffs' admission in another part of their brief (id. at p. 7) that Dr. Slawecki's pleading includes the following allegation:

> "Plaintiffs served the subpoena duces tecum on Dr. Slawecki primarily for the improper purpose of fishing for information in an attempt to plump up Plaintiffs' complaint in their lawsuit against Dr. Slawecki currently pending in this Court."

The foregoing is Dr. Slawecki's allegation that the Plaintiffs used the subpoena to coerce or compel her to produce information that is not relevant to the Capodanno case, for the Plaintiffs' use in their complaint in the present case, which is a purpose for which the subpoena in the Capodanno lawsuit is not designed.

A discovery fishing expedition is an improper purpose. It is well established that a party may not use discovery to fish for information in hopes of stumbling upon information that is relevant to his case. *See, e.g., U.S. v. Nixon*, 18 U.S. 683, 699 (1974) ("[I]n order to require production prior to trial, the moving party must show . . . that the application is made in good faith and is not intended as a general

'fishing expedition.'"); *see also Cohen v. Pelagatti*, 493 A.2d 767 (Pa. Super. 1985) ("The object of a subpoena duces tecum … 'is the production of evidence to be used ... before the court.  It is not the object of the [subpoena duces tecum] to require the production of books and papers merely for the party's inspection, and the subpoena is not to be used as a bill of discovery [or] for a mere 'fishing' expedition.'") (internal citations omitted).

The Plaintiffs now attempt to re-litigate the issue of whether the subpoena was for a proper purpose.  The fact is that the Centre County Court of Commons Pleas has already determined that the subpoena had an improper purpose.  The Plaintiffs misrepresent that the court "found nothing inappropriate as it agreed that Plaintiffs were free to conduct discovery in federal instead of state court." (Plaintiffs' Br. at p. 14.)  The transcript is clear that the court quashed the subpoena and granted Dr. Slawecki a protective order because it agreed with Dr. Slawecki's counsel that the subpoena was overbroad *and* a fishing expedition.  Exhibit P at p. 34.  The transcript is also clear that the court made no distinction between federal and state court regarding the discovery sought by the Plaintiffs.  The court merely agreed with Dr. Slawecki's counsel that the discovery sought was improper in the Capodanno lawsuit because the subpoenaed information had no relevance to the Capodanno lawsuit, but that it *could* be relevant in the present lawsuit so that Plaintiff could request discovery of that information in the present lawsuit.  In any

event, that was not a basis for the court's ruling. The court's ruling was based on its finding that the subpoena was overbroad and a fishing expedition.

Notably, the court granted Dr. Slawecki a protective order, without any limitation. In her motion, Dr. Slawecki had requested that the court "grant this Motion to Quash and issue a protective order prohibiting the requested discovery from Dr. Slawecki." Exhibit Q. Such a broad protective order would be unnecessary if the subpoena was merely overbroad, but otherwise proper. The court gave the Plaintiffs no opportunity to narrow the scope of the requests. Notably, the court granted the protective order *even after* the Plaintiffs offered to narrow the timeframe of certain requests. Exhibit P at p. 33. These facts are consistent with the court's finding that the subpoena was a fishing expedition.

The Plaintiffs' improper purpose – fishing for information for use in the present case – is shown by the following seven of nine total requests in the subpoena that clearly had no connection to Dr. Slawecki's communications with Paul Capodanno:

> 3. "***Any and all*** documents from January 1, 2010 to the present date that concern, reference, reflect, or involve, ***communications between [Dr. Slawecki] and Dennis Lang***, including any and all documents that you sent to or received from Dennis Lang."
>
> 4. "Any and all documents from January 1, 2010 to the present date that concern, reference, reflect, involve, or constitute ***communications between [Dr. Slawecki] and any government agency*** or representative, agent, or employee of a government agency that ***concern, reference, or involve in any way Mahendra Kumar Trivedi, Trivedi, LLC, Trivedi Master***

***Wellness, LLC, Trivedi Products, LLC, and any related or affiliated
entities…***"

5. "Any and all documents from January 1, 2010 to the present date that
concern, reference, involve, or constitute ***comments, statements, or postings
that [Dr. Slawecki has] made on any website or blog*** that ***concern,
reference, or involve in any way Mahendra Kumar Trivedi, Trivedi, LLC,
Trivedi Master Wellness, LLC, Trivedi Products, LLC, and any related or
affiliated entities…***"

6. "Any and all documents from January 1, 2010 to the present date that
concern, reference, or reflect ***monetary benefits*** that [Dr. Slawecki has]
received, expect to receive, or sought to receive with respect to your actions,
comments, statements, or writings that concern, reference, or involve in any
way ***concern, reference, or involve in any way Mahendra Kumar Trivedi,
Trivedi, LLC, Trivedi Master Wellness, LLC, Trivedi Products, LLC, and
any related or affiliated entities…***"

7. "Any and all documents from January 1, 2010 to the present date that
concern, reference, reflect, or involve the ***business plans, strategies,
customers, vendors, or business partners*** of ***Mahendra Kumar Trivedi,
Trivedi, LLC, Trivedi Master Wellness, LLC, Trivedi Products, LLC, and
any related or affiliated entities…***"

8. "Any and all documents from January 1, 2010 to the present date that
concern, reference, reflect, or involve ***scientific studies, investigation, or
analysis of the results, efficacy, or benefits of any products or services***
provided, sold, or offered for sale by ***Mahendra Kumar Trivedi, Trivedi,
LLC, Trivedi Master Wellness, LLC, Trivedi Products, LLC, and any
related or affiliated entities…***"

9. "***Any and all records of telephone conversations involving [Dr.
Slawecki]***, including records of bills or invoices for cellular or mobile
telephone services, from July 1, 2011 to the present."

Exhibit R, emphasis added.

The fact that the Plaintiffs subsequently made the foregoing requests in

discovery in the present case (Exhibit S) is additional evidence that all along, it

was the Plaintiffs' purpose was to discover the foregoing information for use in the present case.

### D. Discovery in the Present Case

When the Plaintiffs' use of their lawsuits was unsuccessful in coercing Dr. Slawecki to cease the allegedly "offensive conduct," the Plaintiffs resorted to harassing Dr. Slawecki, her counsel, and her witnesses on the Internet. The Internet harassment occurred from March 2014 to February/March 2015, after Dr. Slawecki last pleaded her counterclaim on May 7, 2013. Dr. Slawecki respectfully incorporates by reference her own motion for summary judgment, and brief and exhibits in support thereof, at ECF Doc. #115, 115-1, 115-2, 115-3, 115-4, 115-5, 119, and 119-1. The foregoing filings show the Plaintiffs' misuse of discovery for their purpose of coercing Dr. Slawecki to retract/remove her Internet article, and causing her further emotional distress and litigation burden and expense.

The Internet harassment exclusively targets Dr. Slawecki, her husband, her counsel, and her witnesses in this lawsuit. The Internet harassment used Dr. Slawecki's salary information that she had disclosed to the Plaintiffs in her deposition. Exhibit T. The specific content of the Internet harassment is identical to the Plaintiffs' position in all of their lawsuits against Dr. Slawecki, which is that her Internet article is untruthful regarding the results of the scientific testing of Mr. Trivedi's self-claimed psychic powers, which she published only after the death of

Dr. Rustum Roy, who the Plaintiffs incorrectly allege to have scientifically supported Mr. Trivedi. The Internet harassment also alleges that Dr. Slawecki's counsel, Attorney Turner, is helping Dr. Slawecki to perpetrate the alleged fraud and in the "black mailing of reputed person," presumably Mr. Trivedi. Exhibit T. The Internet harassment appears on numerous websites that are general discussion forums, but the single website that was *created solely* to make the Internet harassment exclusively targeting Dr. Slawecki, Attorney Turner, and witnesses was created and maintained by an IT company in India owned by Mr. Trivedi's sister-in-law, and which exists solely to provide IT services to the Trivedi Global, Inc., according to the company's website. Mr. Trivedi testified in his deposition that he owns and controls Trivedi Global Inc., which is the umbrella organization for Mr. Trivedi's other organizations, including Plaintiff Trivedi Master Wellness, LLC. Mr. Trivedi also testified that the Indian IT company provided services to the Plaintiffs in discovery in this lawsuit. The Plaintiffs' India office is located at the same address as the Indian IT company.

No new Internet harassment appeared after the Court signed the Stipulated Protective Order (ECF Doc. #109) on March 16, 2015.

## II. Damages

Dr. Slawecki has produced preliminary expert reports (Exhibit U), medical records and bills (Exhibit V), and invoices of her legal expenses in connection with

the Arizona lawsuits and the subpoena (<u>Exhibit W</u>). Each of Dr. Slawecki's preliminary expert reports shows that her physical and emotional damages were caused by the Plaintiffs' conduct.

## CONCLUSION

Because Plaintiffs/Counter-Defendants have failed to show that there are no genuine issues of material fact, and because the facts set forth by Dr. Slawecki show the Plaintiffs/Counter-Defendants' use of legal processes for improper purposes that caused her harm, Dr. Slawecki respectfully requests that the Court deny the Plaintiffs/Counter-Defendants' motion for summary judgment.

Respectfully submitted,

<u>s/ James S. Turner</u>
James S. Turner
DC 82479
Michelle L. Zhang
NY 4989901
Swankin & Turner
1400 16th Street, NW, Suite 101
Washington, DC 20036
Ph: 202-462-8800
jim@swankin-turner.com
michelle@swankin-turner.com

*Counsel for Defendant*
*Admitted pro hac vice*

Steven Lachman
PA ID 46110

817 Saxton Drive
State College, PA 16801
Ph: 814-384-7505
stevelachman@gmail.com

*Counsel for Defendant*

Dated: July 2, 2015

## CERTIFICATE OF COMPLIANCE WITH WORD-COUNT LIMIT

I certify that this brief complies with the word-count limit described in LR

7.8(b). This brief contains exactly 5,000 words, including footnotes.

s/ Michelle L. Zhang
Michelle L. Zhang
NY 4989901
Swankin & Turner
1400 16th Street, NW, Suite 101
Washington, DC 20036
Ph: 202-462-8800
*Attorneys for Defendant*
*Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing DEFENDANT'S BRIEF

IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

was served via the Court's electronic filing system, on the 2nd day of July, 2015, upon

counsel for Plaintiffs noted below:

> Kathleen V. Yurchak
> Goodall & Yurchak, P.C.
> 328 South Atherton Street
> State College, PA 16801
> yurchak@centrelaw.com

s/ Michelle L. Zhang
Michelle L. Zhang
Swankin & Turner
1400 16th Street, NW, Suite 101
Washington, DC 20036
Ph: 202-462-8800
