IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAHENDRA KUMAR TRIVEDI, TRIVEDI FOUNDATION, TRIVEDI MASTER WELLNESS, LLC, | : : : : : | Civil Action No. 4:11-CV-2390 |
| Plaintiffs, | : : | (Judge Brann) |
| v. | : : | |
| TANIA M. SLAWECKI, | : : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

December 1, 2015

When a self-proclaimed energy healer was employing his powers to alter the molecular composition of water and a university research assistant publicly derided this claim, it is unlikely that either could have foreseen the future of their dispute as it is now, a question of the outerlimits of a federal court's supplemental jurisdiction. The quarrel between the parties has taken an unpredictable trajectory, but leads to a well-known conclusion: "Federal courts are courts of limited jurisdiction."[1]

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).

## I. BACKGROUND

On December 28, 2011, Plaintiffs, Mahendra Kumar Trivedi, Trivedi Foundation, and Trivedi Master Wellness, LLC[2], commenced the instant action by filing a complaint. Jurisdiction was predicated on diversity, Plaintiffs from the state of Arizona, Defendant, Tania M. Slawecki[3], a resident of the Commonwealth of Pennsylvania. Trivedi filed an amended complaint on December 17, 2012.[4] Trivedi alleged three counts against Slawecki: defamation, tortious interference with contractual relations of affiliates, and tortious interference with contractual relations with employees.

Slawecki filed multiple answers to the complaint. In the first, dated December 13, 2012, Slawecki alleged three counterclaims against Trivedi - abuse of process, intentional infliction of emotional distress, and violation of Electronic Communications Privacy Act.[5] In her amended answer, dated December 28, 2012, Slawecki alleged only an abuse of process counterclaim. She seemingly abandoned the remaining counterclaims.[6] Slawecki then filed a second amended

---

[2]Hereinafter collectively "Trivedi"

[3]Hereinafter "Slawecki"

[4]ECF No. 31.

[5]ECF No. 30.

[6]ECF No. 33.

answer on May 7, 2013.[7] Her answer was amended to meet the amount in controversy requirement for diversity pleadings. It too only asserted an abuse of process counterclaim against Plaintiffs.[8]

Slawecki filed a motion for summary judgment on August 25, 2014[9] and I heard oral argument on the motion on October 29, 2014. The motion was styled as a motion for summary judgment on Trivedi's amended complaint and also on Slawecki's counterclaim; Slawecki, however, made no arguments as to her ancillary[10] counterclaim in her briefs. The Court therefore deemed the motion as to the counterclaim to have been abandoned.

The Court granted the motion for summary judgment, with the

---

[7] ECF No. 40.

[8] *Id.*

[9] ECF No. 64.

[10] Pendent state claims are generally claims by the plaintiff over which the court has jurisdiction based on the plaintiff's federal claims. Ancillary claims are generally claims other than those of the plaintiff, such as compulsory counterclaims. *See Ambromovage v. United MineWorkers*, 726 F.2d 972, 989 n. 48 (3d Cir.1984). Section 1367 codifies the doctrines of both pendent and ancillary jurisdiction under the name "supplemental jurisdiction."

*New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1505 (3d Cir. 1996)

aforementioned exception, on December 3, 2014.[11] I subsequently entered final judgment against Plaintiffs.

Because Slawecki did not brief her motion for summary judgment on the abuse of process counterclaim, the Court presumed that it was her intention voluntarily dismiss the claim, as it appeared to have been abandoned. However, a telephone conference was subsequently held between the Court and the parties, who asked the Court for leave to file dispositive motions on the abuse of process counterclaim. The request of the parties was granted, and the parties were given until April 3, 2015 to file summary judgment motions on the abuse of process counterclaim. Cross motions for summary judgment were also later filed.[12]

Some weeks later, Slawecki filed a "Motion for Leave to File Supplemental Counterclaims,"[13] complicating matters further. In this new motion, she requested leave of Court to supplement the alleged facts supporting the existing abuse of process counter claim and attendant damages; she also sought to add four new counts: misuse of civil proceedings, civil conspiracy, defamation, and intentional infliction of emotional distress, all arising from state law claims.

---

[11] ECF Nos. 84 and 85.

[12] ECF Nos. 114 and 115.

[13] May 15, 2015, ECF No. 116.

Although the Court had intended to retain its supplemental jurisdiction over the sole of abuse of process counterclaim, as the undersigned had retained jurisdiction over it since the year 2012, the motion to supplement, predicated on state law issues, forces me to relinquish jurisdiction.  Accordingly, the Court will deny all motions in their entirety, without prejudice, and will decline to exercise supplemental jurisdiction over what is now an entirely state law matter; I conclude that this Court has no basis for original jurisdiction over this matter.

## II. DISCUSSION

It is by now well-established that "[f]ederal district courts have original jurisdiction over all civil actions either "arising under the Constitution, laws, or treaties of the United States" or where complete diversity of citizenship exists and the matter in controversy exceeds $75,000."[14]  Supplemental jurisdiction, as codified at 28 U.S.C. § 1367 is limited, however, particularly as it relates to diversity.  "The district courts may decline to exercise supplemental jurisdiction over a claim if – the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The current procedural posture recited above is significant because in December of 2014, this Court dismissed "all

---

[14] *Campos v. W. Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1167 (N.D. Cal. 2005), *citing* 28 U.S.C. §§ 1331, 1332.

claims over which it ha[d] original jurisdiction."[15] In that vein, "[A] court lacks discretion to consider the merits of a case over which it is without jurisdiction."[16]

"Because federal jurisdiction over this counterclaim is supplemental to the diversity jurisdiction of plaintiff's claims, whether to retain jurisdiction now that plaintiffs' claims have been dismissed is within the discretion of the court."[17] "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiffs' right."[18] "That discretion extends to the dismissal of counterclaims outside the original jurisdiction of the Court."[19] "[P]laintiffs without an independent ticket of entry to federal court should not be able to get into federal court by 'piggybacking' onto other claims which do satisfy the jurisdictional requirements."[20] ""Section 1367 is intended to allow supplemental

---

[15] 28 U.S.C. §1367(c)(3).

[16] *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379, 101 S. Ct. 669, 66 L. Ed. 2d 571 (1981).

[17] *Saxton Commc'n Grp., Ltd. v. Valassis Inserts, Inc.*, No. 93 CIV. 0388 (MBM), 1995 WL 679256, at *3 (S.D.N.Y. Nov. 15, 1995), 28 U.S.C. § 1367(c)(3) (Supp. V 1993); *Purgess v. Shamrock*, 33 F.3d 134, 138 (2d Cir. 1994).

[18] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966).

[19] *Id, citing Innovative Home Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284 (8th Cir.1998).

[20] *N. Am. Mech. Servs. Corp. v. Hubert*, 859 F. Supp. 1186, 1187 (C.D. Ill. 1994) *see also Leung v. Checker Motors Corporation*, No. 93-C2704, 1993 WL 515470, at *1 (N.D.Ill.

claims to be appended to actions already properly before a federal court, not to squeeze in an initial action that is otherwise beyond the court's jurisdiction.'"[21]

It should be noted that "[w]hen making this decision [whether or not to exercise supplemental jurisdiction over a counterclaim once plaintiff's claims have been dismissed], courts consider several factors, including judicial economy, the relationship between the dismissed and remaining claims, comity, and fairness to litigants."[22] "When a dismissal occurs late in the action, after the court and the parties have expended substantial energy to review the dependent claims, "knocking them down with belated rejection of supplemental jurisdiction may not be fair," or necessary."[23]  "By contrast, when the dismissal of all claims with independent jurisdiction occurs early in the action, before trial, dismissal is appropriate."[24]

For the sake of comity, this Court will not permit Slawecki to supplement

---

December 7, 1993).

[21] *Id. citing Duet v. Lawes and The Hertz Corporation,* No. Civ.A. 94–0739, 1994 WL 151095, *1 (E.D.La. April 7, 1994).

[22] *Saxton Commc'n Grp., Ltd. v. Valassis Inserts, Inc.*, No. 93 CIV. 0388 (MBM), 1995 WL 679256, at *3 (S.D.N.Y. Nov. 15, 1995), *see, e.g., Castellano v. Board of Trustees*, 937 F.2d 752, 758 (2d Cir.), *cert. denied*, 502 U.S. 941 (1991).

[23] *Id. citing Purgess v. Shamrock,* 33 F.3d 134, 138 (2nd Cir. 1994) (quoting 28 U.S.C.A. § 1367, Practice Commentary (1993) at 835).

[24] *Id.*

her existing counterclaim with four new state law claims.  In sum, this Court no longer has original jurisdiction over the matter.  To proceed over an entirely state law matter with no independent basis for original jurisdiction would be overreach by this Court.

Moreover, for the sake of judicial economy, this Court will now relinquish jurisdiction over the abuse of process counterclaim. Although it may seem at first blush inequitable to have retained jurisdiction over the one remaining state law counterclaim only to now relinquish it, I conclude that it is not.  "[W]hen the dismissal of all claims with independent jurisdiction occurs early in the action, before trial, dismissal is appropriate."[25]

Had Slawecki not moved to supplement her counterclaims, the Court would have retained jurisdiction and disposed of the abuse of process counterclaim on its merits.  I would have acted accordingly because the parties had spent time in litigation in this Court, and because the best exercise of discretion would have been to retain jurisdiction over that last claim.  But Slawecki has moved to change the nature of this action.  This Court does not have original jurisdiction over the four new claims Slawecki moved to supplement.  Should she choose to file an action in the appropriate court with these four new claims, she should also litigate the state

---

[25] *Id. citing Castellano,* 937 F.2d at 758.

law abuse of process claim in one action with the four new claims, again for the sake of judicial economy.

## III.  CONCLUSION

As Judge Frank Easterbrook of the Seventh Circuit memorably commenced an opinion: "Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money."[26]  That said, however, "[i]n the absence of another bar like the statute of limitation, a plaintiff retains the option of filing permissive claims in a separate action."[27] Accordingly, the entire matter shall be dismissed without prejudice, so that Slawecki may re-file her claims in the appropriate forum.[28]

                        BY THE COURT:

                        s/ Matthew W. Brann
                        Matthew W. Brann
                        United States District Judge

---

[26] *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) (Easterbrook, J.).

[27] *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998).

[28] *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999) (dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice.')